IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP COURTNEY, as husband of GLORIA COURTNEY,<br><br>    Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | 8:07CV12<br><br>ORDER |

This matter is before the court on plaintiff's Motion to Compel discovery [23]. Counsel have complied with NECivR 7.1(i). Having considered the defendant's response in opposition, together with the parties' evidentiary materials, the court finds that the motion should be denied.

## BACKGROUND

This action was removed to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and 1331, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"). The complaint alleges that plaintiff's wife, Gloria Courtney died on February 16, 2004 as a result of a motor vehicle accident. At the time of the accident, Gloria Courtney was driving while legally intoxicated. Plaintiff is the sole beneficiary of a group life insurance policy which provided benefits up to $50,000 in the event of the accidental death of Gloria Courtney.

By letter dated May 13, 2004, the defendant ("Zurich") denied plaintiff's claim for accidental death benefits. That decision was affirmed administratively. Noting that Gloria Courtney's blood alcohol content was 0.5 at the time of her death, Zurich took the position that her death was not "accidental" and was purposely self-inflicted. The May 13, 2004 letter explains that the denial of coverage was based on federal common law and the following policy provisions:

> "Loss of Life. If a Covered Person dies as a result of an Injury, We will pay the Principal Sum. The death must occur with 365 days of the Injury."
>
> "Injury means a bodily injury directly caused by accidental means which is independent of all other causes, results from a Hazard, and occurs while the insured has coverage under this policy."
>
> Under Exclusions and Limitations, "A loss shall not be a Covered Loss if it is caused by, contributed to, or resulted from: ... 1 ... a purposeful self-inflicted wound...".

The policy is an ERISA plan. Endorsement No. 8 provides: "The Policyholder[1] designates [Zurich] as the claims fiduciary of this plan and gives [Zurich] the discretionary authority to determine eligibility for benefits and to construe the terms of the plan."

Plaintiff's complaint alleges that Zurich's denial of the claim for accidental death benefits "is arbitrary, capricious, and not a fair or logical reading of the policy language." Defendant's Answer alleges that the plaintiff's claims in this court are limited to whether,

---

[1] Plaintiff's employer, Parker Hannifin Corporation, is the policyholder.

based solely upon the administrative record, Zurich's actions were arbitrary and capricious and/or abuse of discretion.

This motion to compel involves plaintiff's discovery requests for materials and information not included in the administrative record.

## LEGAL ANALYSIS

Although Fed. R. Civ. P. 26(b)(1) allows litigants to "obtain discovery regarding any matter, not privileged that is related to the claim or defense of any party," the court may limit the scope of discovery, if it has a good reason to do so. *See Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

The scope of discovery in ERISA cases "is integrally linked to the standard of review and the admissibility of additional evidence outside of the administrative record." *Hawkins v. Arctic Slope Reg'l Corp.*, 344 F. Supp. 2d 1331, 1333 (M.D. Fla. 2002). Thus, the scope of discovery in an ERISA case should be viewed in the light of the evidence that is admissible in ERISA cases. *Galm v. Eaton Corp.*, 360 F. Supp. 2d 978, 982 (N.D. Iowa 2005). In so ruling, various courts have remained "sensitive to the concerns that they not become ERISA administrators of last resort and that the review process should be as inexpensive and expeditious as possible." *Hawkins*, 344 F. Supp. 2d at 1337.

"[A] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v.*

*Bruch*, 489 U.S. 101, 115 (1989). If an ERISA plan gives its administrator or trustees discretionary authority to determine eligibility for benefits, the court reviews such a decision for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. at 115; *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998); *Buttram v. Cent. States, S.E. & S.W. Area Health & Welfare Fund,* 76 F.3d 896, 899 (8th Cir. 1996).

The deferential "abuse of discretion" standard of review applies ***unless*** the beneficiary comes forward with evidence establishing that the administrator acted under a conflict of interest, dishonestly, with an improper motive, or without using judgment. *Sehulka v. Lucent Tech., Inc.*, 206 F.3d 763, 768 (8th Cir. 2000). To obtain a less deferential review of the administrator's decision to deny benefits, plaintiff "must present material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to [plaintiff]." *Woo*, 144 F.3d at 1160. To satisfy the second part of this requirement, the plaintiff must only show that the conflict or procedural irregularity has 'some connection to the substantive decision reached.'" *Woo*, 144 F.3d at 1160-61. *Accord Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 946-47 (8th Cir. 2000); *Sehulka*, 206 F.3d at 768.

If the record reveals evidence of "a palpable conflict of interest or a serious procedural irregularity," courts within the Eighth Circuit must review the plan administrator's discretionary decisions with less deference. *See Woo*, 144 F.3d at 1161. In this respect, the Eighth Circuit has recognized that not every conflict of interest warrants *de novo* review;

-4-

rather, the Eighth Circuit has adopted a "sliding scale" approach, reducing the degree of deference accorded to a plan administrator's discretionary decisions in proportion to the extent of the conflict of interest and its effect upon the administrator's benefits determination. *Woo*, 144 F.3d at 1161.

In this case, it is undisputed that Zurich was granted discretionary authority to determine eligibility for benefits and to construe the terms of the plan. Accordingly, the appropriate standard for review of Zurich's decision to deny accidental death benefits is abuse of discretion. "'Under an abuse of discretion standard, the plan administrator's plan construction will be upheld, if reasonable." *Buttram*, 76 F.3d at 901. Ordinarily, review by the court under this standard is limited to the evidence in the administrative record. [*Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998); *Cash v. Wal-Mart Group Health Plan,* 107 F.3d 637, 641 (8th Cir. 1997)]." *Galm v. Eaton Corp.*, 360 F. Supp. 2d at 983.

In general, an ERISA plaintiff may conduct some discovery related to determining whether a less deferential standard of review should be applied. In this instance, however, the plaintiff's arguments focus on the broad scope of discovery afforded under Fed. R. Civ. P. 26(b), and the plaintiff did not raise any argument based on a procedural irregularity or the administrator's alleged conflict of interest, improper motive or failure to use judgment. Nor has the plaintiff explained why his discovery requests are necessary or relevant in determining whether a less deferential standard of review should be applied in this matter.

In summary, the standard of review to be applied in an ERISA case determines the scope of discovery in the case. If the plan administrator is given discretionary authority to determine eligibility for benefits and to construe the terms of the plan, then the court's review of the administrator's decision is limited to the evidence in the administrative record. The court may conduct a less deferential review if the beneficiary comes forward with evidence establishing that the administrator acted under a conflict of interest, dishonestly, with an improper motive, or without using judgment. *See, e.g., Sehulka v. Lucent Tech., Inc.*, 206 F.3d 763, 768 (8th Cir. 2000), and *Woo v. Deluxe Corp.*, 144 F.3d 1157 (8th Cir. 1998). Since the plaintiff has not raised any argument involving these issues, I find that the court's review of Zurich's decision to deny benefits is limited to the evidence in the administrative record. Accordingly, Zurich's objections based on relevance are sustained.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel [23] is denied.

2. The circumstances of this incident would make an award of expenses unjust, and neither party is awarded costs or fees in conjunction with this motion. *See* Fed. R. Civ. P. 37(a)(4)(B).

**DATED August 22, 2007.**

                                             **BY THE COURT:**

                                             **s/ F.A. Gossett**
                                             **United States Magistrate Judge**